IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELISA KIM WILSON and CRAIG WILSON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 12-939-GPM ) |
| CASEY'S GENERAL STORES, INC., and JOHN SANDIFER, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendants' motion to dismiss (Doc. 5) and Plaintiffs' motion to remand (Doc. 10). The motion to remand is **GRANTED,** and this case remanded to the Circuit Court of the Third Judicial Circuit, Bond County, Illinois, for lack of federal subject matter jurisdiction. Each party shall bear their own costs and fees, and other pending motions are denied as MOOT.

Plaintiffs allege that on February 13, 2011 Ms. Wilson slipped and fell outside Defendants' convenience store, striking her body and left elbow. (Compl. ¶5). Plaintiffs brought state law claims of negligence against both Casey's and Defendant John Sandifer, who was allegedly working and employed at the convenience store in a managerial position at the time of the alleged incident.

Plaintiffs challenge Defendants' removal, which was made on the basis of diversity (Doc. 10). Defendants argue that Defendant Sandifer was fraudulently joined to this suit in an attempt

1

to destroy diversity jurisdiction among Plaintiffs and Casey's, as both Sandifer and Plaintiffs are Illinois citizens. (Doc. 15 ¶3-4). Casey's, on the other hand, is an Iowa corporation. (*Id.* ¶3).

## A. Legal Standard

Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1441. *See also Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004). The party seeking removal has the burden of establishing federal jurisdiction. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

In evaluating diversity of citizenship, a court must disregard a defendant that has been fraudulently joined. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). A defendant is fraudulently joined when "there is no possibility that a plaintiff can state a cause of action against [the] nondiverse defendant[] in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). A defendant seeking removal based on alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no possibility the plaintiff can establish a cause of action against the diversity-defeating defendant in a state court. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

## B. Plaintiff's Motion for Remand

If Plaintiffs have a legitimate negligence claim against both the owner of the store/premises where Ms. Wilson was allegedly injured, as well as a store manager, then there is

no fraudulent joinder here. Defendants believe the only proper party Plaintiffs may bring suit against in this instance is Casey's. The crux of Defendants' fraudulent joinder argument is based upon Illinois premises liability law. Defendants argue that "despite the fact that Mr. Sandifer was *not* the owner or operator of the store, nor did he invite patrons onto the premises," Plaintiffs are attempting to impose the duty of a store owner on him (Doc. 16, p. 4). Therefore, say Defendants, Mr. Sandifer owed no duty of care and is improperly 'joined.'

The Court finds a similar Southern District of Illinois case, *Fountain v. J.C. Penney Corp, Inc.*, helpful. No. 06-cv-680-DRH, 2007 WL 1308813 (S.D. Ill. May 3, 2007); and 2008 WL 282200 (Jan. 31, 2008). There, the plaintiff alleged she sustained injuries when she slipped and fell on a coat hanger at a department store, and she sued both the store and the manager of the store for negligence. *Id.* at *1. The defendants argued that the manager was fraudulently joined to the action because only occupiers of premises and premises owners owe a duty to its invitees, and not the employees of the premises owners and or/occupiers. *Id.* at *2. The Court, Chief Judge David Herndon, found that Illinois law allows a plaintiff to sue either the employer, employee or both, because they can be found jointly and severally liable. *Id.* (citing *Lasko v. Meier*, 67 N.E.2d 162, 166 (Ill. 1946)). The employee can be found liable as the "active tort-feasor [who] committed the act which caused the injury," and the employer can be held liable for the employee's tortuous behavior under the doctrine of respondeat superior. *Id.* (citing *Lasko*, 67 N.E.2d at 166; *Laver v. Kingston*, 137 N.E.2d 113, 115-16 (Ill. App. Ct. 1956)). Therefore, the manager was not fraudulently joined to plaintiff's suit and remand was appropriate. *Id.*

The Defendants here attempt to distinguish *Fountain* on the grounds that Mr. Sandifer was neither the store manager nor the "active tort-feasor" who committed the act. (Doc. 16, p. 6). Mr. Sandifer averred he was neither the manager of the store nor in charge of maintenance for

3

the exterior of the store. (Doc. 5-1, p. 2). The Plaintiffs responded with an affidavit of Craig Wilson wherein Mr. Wilson averred that Mr. Sandifer identified himself as an "assistant manager" or a "manager" of the store. (Doc. 11-1, p. 1).

"In evaluating a claim of fraudulent joinder a court may in some circumstances 'pierce the pleadings.'" *Hauck v. ConocoPhillips Co.*, No. 06-cv-135-GPM, 2006 WL 1596826, at *5 (S.D. Ill. June 6, 2006) (quoting *Rutherford v. Merck & Co.*, 06-cv-159-GPM, 2006 WL 1064071, at *4 (S.D. Ill. Apr. 21, 2006)). However, this "is a strictly circumscribed inquiry limited to uncontroverted summary evidence which establishes unmistakably that a diversity-defeating defendant cannot possibly be liable to a plaintiff under applicable state law." *Rutherford*, 2006 WL 1064071, at *4. The defendant who wishes to remove based on fraudulent joinder "must show that, after resolving *all issues of fact and law in favor of the plaintiff*, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos*, 959 F.2d at 73 (emphasis added). Therefore, for the purposes of this fraudulent joinder analysis, this Court resolves this issue of fact (for the limited purposes of determining jurisdiction) in favor of the Plaintiff and assume that Mr. Sandifer was indeed a manager of the store.

Even if Mr. Sandifer was not a manager, Casey's and Mr. Sandifer were indisputably in an employer-employee relationship. Under Illinois law then, there is a reasonable possibility that an Illinois state court could rule against Mr. Sandifer on a state tort claim. The fact that Casey's could also be found liable under the doctrine of respondeat superior does not prohibit Plaintiffs from bringing their claims against Mr. Sandifer, Casey's, or both. Plaintiffs do state a plausible claim against both Casey's and Mr. Sandifer, and there is no fraud here. Defendants were not fraudulently joined to Plaintiffs' suit in order to defeat diversity jurisdiction. The parties are not

diverse, so this Court has no subject matter jurisdiction. The case shall be remanded to the Circuit Court of Bond County, Illinois.

## C. Costs and Attorneys' Fees

Plaintiffs request an award of costs and expenses pursuant to 28 U.S.C. § 1447, which provides in pertinent part, "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franlin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court held that, "[a]bsent unusual circumstances, courts may award attoreny's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. The Court concludes in its discretion that an award pursuant to § 1447(c) is not appropriate in this case. There is no evidence here that this case was removed for the purpose of prolonging litigation or increasing Plaintiffs' costs in litigating the case. Although the Court ultimately found unpersuasive the arguments and evidence offered in support of removal, the removal was not objectively unreasonable. Therefore, an award of costs and expenses, including attorney fees, will be denied.

## Conclusion

For the foregoing reasons, Plaintiff's motion to remand (Doc. 10) is **GRANTED** apart from the requested award of fees. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Bond County, Illinois, for lack of federal subject matter jurisdiction. As it lacks subject matter jurisdiction over this matter, the Court hereby finds Defendants' Joint Motion to Dismiss (Doc. 5) MOOT.

**IT IS SO ORDERED.**

DATED: March 27, 2013

s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge